**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC.,<br><br>                      Plaintiff,<br><br>       v.<br><br>VITALIZE LABS, LLC,<br><br>                 Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Natural Alternatives International, Inc. ("NAI") hereby brings this complaint against defendant, Vitalize Labs, LLC ("Vitalize"), and alleges as follows:

## INTRODUCTION

1.      NAI sells its branded CarnoSyn® beta-alanine, an amino acid, to customers throughout the United States and in other countries. NAI's product is covered by a robust portfolio of trademark, copyright and patent rights. Vitalize, which sells dietary supplements containing beta-alanine, has engaged in acts of trademark infringement designed to improperly boost its sales and intentionally interfere with NAI's CarnoSyn® business. NAI files this action to stop Vitalize from intentionally and willfully infringing upon NAI's intellectual property rights and wrongfully interfering with NAI's CarnoSyn® beta-alanine business and goodwill.

## PARTIES

2.      NAI is a Delaware corporation with its principal place of business in Carlsbad, California.

3.      Vitalize is a New York limited liability company with its principal place of business located in New York County.

1

## JURISDICTION AND VENUE

4.      This is an action for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.

5.      Exclusive subject matter jurisdiction over this action is conferred upon the Court pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1121(a).

6.      The exercise of general and specific jurisdiction over defendant comports with the laws of the State of New York and the constitutional requirements of due process because it is a New York limited liability company that transacts business and offers to transact business within New York.

7.      Venue is proper in this District under 28 U.S.C. § 1391.

## FACTS

**A.      NAI**

8.      NAI, a publicly traded company, is a leading formulator, manufacturer, marketer and supplier of dietary supplements and provides strategic partnering services to its customers. NAI offers a wide range of innovative nutritional products and services to its clients including: scientific research, clinical studies, proprietary ingredients, customer-specific nutritional product formulation, product testing and evaluation, marketing management and support, packaging and delivery system design, regulatory review and international product registration assistance. NAI funds, sponsors, directs and participates in research studies to establish consumer benefits and scientific efficacy supporting both product claims and marketing initiatives.

9.      NAI provides private-label contract manufacturing services to companies that market and distribute vitamins, minerals, herbal and other nutritional supplements, as well as other health care products, to consumers both within and outside the United States.

2

10.     NAI owns a patent estate related to the ingredient known as beta-alanine, which is primarily commercialized through the direct sale of this raw material and supply agreements with third parties for the distribution and use of this raw material under NAI's CarnoSyn® and SR CarnoSyn® trademarks. Beta-alanine is a non-essential amino acid. In numerous scientific studies, CarnoSyn® beta-alanine, when used as a dietary supplement, has been proven to delay the onset of fatigue in muscle cells, thereby eliminating muscle fatigue and soreness and has been shown to improve athletic performance. One of the inventors of the patents assigned to NAI, Dr. Roger Harris, has been recognized for his work in nutritional supplements, particularly his work in several studies using CarnoSyn® beta-alanine and received a lifetime achieve award from the International Society of Sports Nutrition. On June 5, 2019, NAI announced that its CarnoSyn® beta-alanine has won *NutraIngredients*' prestigious 2019 Sports Nutrition Ingredient of the Year award recognizing its major contributions to the sports nutrition industry.

11.     NAI sells beta-alanine to customers in the United States engaged in interstate and foreign commerce. Its beta-alanine is branded and sold under the trademark CarnoSyn®. NAI is the sole distributor of CarnoSyn® beta-alanine.  NAI also owns the entire right, title and interest to multiple trademarks, including the CarnoSyn® trademark, Registration No. 5380219, a copy of which is attached as Exhibit 1 and incorporated herein by reference; and the CarnoSyn Beta Alanine® trademark, Registration No. 4271217, a copy of which is attached as Exhibit 2 and incorporated herein by reference.

12.     NAI maintains a website to promote and encourage sales of its branded beta-alanine at www.carnosyn.com, the content of which is incorporated herein by reference.

3

13.     NAI has invested and continues to expend substantial funds to conduct scientific research and to build, expand and promote  sales of CarnoSyn® beta-alanine. NAI pursues legal avenues to protect its CarnoSyn® brand and intellectual property portfolio.

14.     In addition, in February 2019, NAI received New Dietary Ingredient (NDI) status from the Food and Drug Administration (FDA) for its patented CarnoSyn® beta-alanine ingredient at a total daily intake level of 6.4 grams per day. NAI received the FDA's Acknowledgement Without Objection or AKL letter within the statutory 75-day evaluation period to respond. CarnoSyn® is the only beta-alanine that has successfully obtained NDI status with the FDA under the Federal Food, Drug and Cosmetics Act. The NDI Notification (assigned number 1103 by the FDA) expressly references NAI's genuine and trademarked CarnoSyn® beta-alanine.

15.     When NAI sells CarnoSyn® beta-alanine to dietary supplement brands or contract manufacturers, the customers receive a scientifically-tested recognized product, a license to NAI's trademarks and patents, NDI compliance status for CarnoSyn® beta-alanine under the Food, Drug & Cosmetic Act, and indemnification against product liability. The license and NDI status extends only to the CarnoSyn® beta-alanine purchased from NAI, and does not extend to CarnoSyn® beta-alanine that contains or is mixed or comingled with any non-trademarked beta-alanine.

**B.     VITALIZE's TRADEMARK INFRINGEMENT**

16.     Vitalize is a supplier and distributor of dietary supplements in the United States. It does business using the name Eboost. It owns, maintains or operates a website at https://www.eboost.com, the content of which is incorporated herein by reference. Its products are offered to, and may be purchased and used by, citizens of the United States, including New

4

York. Its products may be purchased through its website, at certain retail stores, and on Amazon.com.

17.     At least one of Vitalize's supplement products purports to contain beta-alanine. Vitalize advertises that its POW® product "is a natural pre-workout that enhances your mind and muscles to help you maximize your workouts. Work out hard and recover smoothly with clinically tested ingredients in doses that deliver."[1] The product label and website represent that POW® contains 1,600 mg. of beta-alanine per serving. More specifically, Vitalize represents that the product contains CarnoSyn® Beta-Alanine:

(a)     The product label for POW® states that it contains 1,600 mg. of "Beta-Alanine (as CarnoSyn®)" per serving.

(b)     The label also states that: "CarnoSyn® trademark and patents owned by Natural Alternatives International, Inc."

(c)     Vitalize's website advertises that: "POW contains CarnoSyn® Beta-alanine, a natural amino acid that helps support muscle endurance and muscle strength and delays muscle fatigue for during workouts. Beta-alanine is one of the most widely used ingredients for workout enhancement."

(d)     The ingredient list on the website represents that POW® contains "Beta-Alanine (as CarnoSyn®)."

(e)     Vitalize advertises on Amazon.com that "POW contains CarnoSyn Beta-alanine, a natural amino acid that helps support muscle endurance and muscle strength and delays muscle fatigue during workouts."[2]

---

[1] *See, e.g.*, https://www.eboost.com/products/pow?variant=41494962126.
[2] *See, e.g.*, https://www.amazon.com/EBOOST-Pre-Workout-Maximize-Workouts-Smoother/dp/B0195Y2GMG/ref=sr_1_fkmrnull_3?crid=1FXWB2MC5B11S&keywords=eboost

4212497

18.     Thus, Vitalize is offering for sale and selling its POW® product using NAI's trademarks, including Registration Nos. 5380219 and 4271217.

19.     Vitalize is not authorized or licensed to use NAI's CarnoSyn® trademarks. NAI has not entered into a trademark license agreement with Vitalize or anyone authorized to act on its behalf. Vitalize has not purchased licensed CarnoSyn® beta-alanine from NAI. NAI's business records do not reflect that a contract manufacturer has ever purchased licensed CarnoSyn® beta-alanine from NAI on Vitalize's behalf.

20.     Vitalize's unauthorized use of NAI's trademarks would likely result in confusion to consumers who believe they are purchasing a supplement containing CarnoSyn®, an ingredient having NDI status with the FDA

21.     NAI's counsel sent a cease and desist letter to Vitalize on May 23, 2019, incorporated herein by reference, but no response has been received.

## COUNT I
### (Lanham Act § 32)

22.     The foregoing allegations are incorporated by reference.

23.     Vitalize's products are used, offered for sale, and sold in interstate and foreign commerce.

24.     In connection with its goods or services, Vitalize has used a reproduction, counterfeit, copy, or colorable imitation of NAI's registered trademark without NAI's consent.

25.     Vitalize knowingly and willfully misrepresented to the public, *inter alia*, the facts alleged above. The product label for POW® acknowledges that NAI owns the CarnoSyn® trademark.

---

%2Bpow%2Bpre%2Bworkout&qid=1558479915&s=gateway&sprefix=eboost%2Caps%2C125&sr=8-3-fkmrnull&th=1.

4212497

26.     Vitalize used NAI's registered trademark without NAI's consent, knowing that such act is intended to be used to cause confusion, or to cause mistake, or to deceive.

27.     By reason of its statements and conduct, Vitalize has willfully violated section 32 of the Lanham Act, 15 U.S.C. § 1114, and NAI has suffered, and will continue to suffer damage to its business, reputation, and good will and has lost sales and profits that it would have made but for Vitalize's acts.

28.     NAI has been irreparably harmed by Vitalize's acts in violation of the Lanham Act and has suffered damages in an amount to be determined at trial.

## REQUEST FOR RELIEF

NAI respectfully requests that this Court enter judgment against Vitalize and that the following relief be granted:

a.      judgment that Vitalize has violated the Lanham Act;

b.      award damages, including statutory damages;

c.      grant a preliminary and permanent injunction against continued violations of the Lanham Act;

d.      punitive and enhanced damages as allowed by law;

e.      attorneys' fees as allowed by law;

f.      costs pursuant to Fed. R. Civ. P. 54(d) or otherwise provided by law; and

g.      such other relief as the Court deems just and appropriate under the circumstances.

## JURY DEMAND

NAI hereby demands a jury trial on all issues so triable.

4212497

Dated: June 7, 2019

Of Counsel:
Kevin M. Bell
Caroline C. Maxwell
PORZIO, BROMBERG & NEWMAN PC
1200 New Hampshire Ave. NW, Suite 710
Washington, DC 20036
(202) 517-6325

Respectfully submitted,

/s/ Richard J. Oparil
Richard J. Oparil (RO9269)
PORZIO, BROMBERG & NEWMAN PC
1200 New Hampshire Ave. NW, Suite 710
Washington, DC 20036
(202) 517-6323
rjoparil@pbnlaw.com

Attorneys for Plaintiff
Natural Alternatives International, Inc.

4212497