Anthony A. LoPresti
alopresti@lopresti.one
**LOPRESTI, PLLC**
134 Spring Street, Ste. 502
New York, New York 10012
Phone: (646) 490-0065
Fax: (212) 208-2463

*Attorneys for Defendant*
*Vitalize Labs, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC. <br><br> Plaintiff, <br><br> - against - <br><br> VITALIZE LABS, LLC, <br><br> Defendant. | Case No. 19-CV-5354 (LGS) <br><br> **ANSWER** <br> **WITH AFFIRMATIVE** <br> **DEFENSES** |

Defendant Vitalize Labs, LLC ("Vitalize"), by and through its attorneys LOPRESTI, PLLC, as and for its Answer to Plaintiff Natural Alternatives International, Inc.'s ("NAI") Complaint, states as follows:

1.       Vitalize is without knowledge sufficient to form a belief as to where and to what entities NAI sells products and whether NAI's products are covered by a robust portfolio of patent and trademark rights. Vitalize admits that it sells dietary supplements containing beta-alanine, but denies that it has or is intentionally and willfully infringing upon any valid patent and trademark rights of NAI or interfering with NAI's business or goodwill. Vitalize denies the remaining allegations of paragraph 1 of the Complaint.

## PARTIES

2.     Vitalize admits that NAI purports to be a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Carlsbad, California.

3.     Vitalize admits the allegations of this paragraph.

## JURISDICTION AND VENUE

4.     Vitalize admits the allegations of this paragraph.

5.     Vitalize admits the allegations of this paragraph.

6.     Vitalize admits the allegations of this paragraph.

7.     Vitalize admits the allegations of this paragraph.

## FACTS

8.     Vitalize admits NAI manufactures, markets and supplies dietary supplement products, but is without sufficient information to admit the remaining allegations of this paragraph, and therefore denies the same.

9.     Vitalize is without sufficient information to form a belief as to the allegations of this paragraph, and therefore denies the same.

10.     Vitalize admits that NAI supplies dietary supplement products containing the non-essential amino acid beta-alanine under CarnoSyn® and SR CarnoSyn®, and that beta-alanine is a non-essential amino acid, but is without sufficient information to admit the remaining allegations of this paragraph, and therefore denies the same.

11.     Vitalize admits that NAI sells beta-alanine to customers in the United States, that its beta-alanine is branded and sold under CarnoSyn® and SR CarnoSyn®, and that Exhibit 1 and Exhibit 2 to the Complaint speak for themselves. Vitalize is without sufficient information to

form a belief as to the remaining allegations of this paragraph, and therefore denies the same.

12.     Vitalize admits the allegations of this paragraph.

13.     Vitalize is without sufficient information to form a belief as to the allegations of this paragraph, and therefore denies the same.

14.     Vitalize is without sufficient information to form a belief as to the allegations of this paragraph, and therefore denies the same.

15.     Vitalize is without sufficient information to form a belief as to the allegations of this paragraph, and therefore denies the same.

16.     Vitalize admits the allegations of this paragraph.

17.     Vitalize admits that at least one of its products contains beta-alanine, and that the referenced product label and website speak for themselves.

18.     Vitalize admits that it is offering for sale and selling its POW® product using what is purportedly NAI's trademarks.

19.     Vitalize denies the allegations of this paragraph.

20.     Vitalize denies the allegations of this paragraph.

21.     Vitalize admits that a letter was sent, but denies the remaining allegations of this paragraph.

## <u>COUNT I</u>
### (Lanham Act § 32)

22.     Vitalize incorporates by reference its responses to paragraphs 1-21.

23.     Vitalize admits the allegations of this paragraph.

24.     Vitalize denies the allegations of this paragraph.

25.     Vitalize denies the allegations of this paragraph.

26.     Vitalize denies the allegations of this paragraph.

27. Vitalize denies the allegations of this paragraph.

28. Vitalize denies the allegations of this paragraph.

29. Vitalize denies any allegations of the Complaint not specifically admitted herein.

## REQUEST FOR RELIEF

Vitalize denies that NAI is entitled to any relief whatsoever, whether or not prayed for or requested in its Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Vitalize has not engaged in any acts constituting trademark infringement under federal or state law, and infringement, if any, was innocent.

3. Plaintiff's claims are barred by the doctrines of waiver, acquiescence, and estoppel.

4. Plaintiff's claims are barred because Plaintiff's damages, if any, were not caused by Vitalize.

5. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Vitalize's actions and the alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages.

6. Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Vitalize's actions.

7. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

8. Plaintiff's claims are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

9.     Plaintiff's claims are barred, in whole or in part, by reason of other parties' use of any marks at issue.

10.    Plaintiff's claims are barred, in whole or in part, because Vitalize is not liable for the acts of others over whom it has no control.

11.    Plaintiff's claims are barred, in whole or in part, because Plaintiff is unable to demonstrate bad faith.

12.    Plaintiff has failed to join necessary and indispensable parties for just adjudication of these claims under Rule 19, Fed. R. Civ.P. Therefore, Plaintiff's claims cannot stand.

13.    Vitalize expressly reserves the right to assert additional defenses as they become known through further investigation and/or discovery.

WHEREFORE, Defendant Vitalize Labs, LLC denies that Plaintiff is entitled to any of the relief sought in the Complaint or to any relief whatsoever, and prays for judgment dismissing the Complaint, and awarding Defendant costs and disbursements of this action and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        September 9, 2019

Respectfully submitted,

**LOPRESTI, PLLC**

By:___*/s Anthony A. LoPresti*___
      Anthony A. LoPresti
      alopresti@lopresti.one

134 Spring Street, Ste. 502
New York, New York 10012
Phone: (646) 490-0065

*Attorneys for Defendant*
*Vitalize Labs, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2019, I electronically filed the ANSWER with the

Clerk of the Court using the CM/ECF system, which will automatically send an e-mail

notification of such filing to the attorneys of record who are registered CM/ECF users.

Executed on September 9, 2019, at New York, New York.

LOPRESTI, PLLC

By: _/s/ Anthony A. LoPresti_
Anthony A. LoPresti

DEFENDANT VITALIZE LABS, LLC ANSWER TO COMPLAINT [19-CV-5354]