USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/23/2019

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NATURAL ALTERNATIVES
INTERNATIONAL, INC.,

    Plaintiff,

v.

BACTOLAC PHARMACEUTICAL, INC., and
DOES 1-25,

    Defendants.

No.: 1:19-cv-05354-LGS

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, certain documents and information have been and may be sought, produced, or exhibited by and among the parties to this action, which relate to the parties' trade secrets, financial, competitive, research, product development, commercial information, or other kinds of sensitive information that the parties deem to be confidential; and

WHEREAS, it has been agreed by and among the parties to this action, through their respective counsel, that a protective order preserving the confidentiality of certain documents and information should be entered by this Court;

It is hereby stipulated and agreed, subject to approval by the Court, that:

1.    This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the action whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this action (the "Producing Party") to any other party (the "Receiving Party"), when same is designated in accordance with the procedures set forth herein. This Protective Order is binding upon the parties to the action, including their

14454988v2

respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Protective Order.

2. Any Producing Party shall, through counsel, have the right to identify and designate as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" any document or information it produces or provides (whether pursuant to a discovery request, subpoena or agreement), or any testimony given in this action, that the Producing Party believes constitutes, reflects or discloses its confidential and proprietary information.

3. Any party to this action as "Designating Party" may designate as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" any document or information produced by any other party or third party or testimony given by any other party or third party that the party reasonably believes discloses trade secrets, financial, competitive, research, product development or commercial information, or otherwise qualifies as "Highly Confidential Information" or "Confidential Information" pursuant to this Protective Order.

4. "Highly Confidential Information" as used herein means any information that is designated pursuant to this Protective Order as "HIGHLY CONFIDENTIAL" by a party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed. A party may designate material "HIGHLY CONFIDENTIAL," if it reveals information reflecting or regarding trade secrets, financial, competitive, research, product development, sales prices, sales volume, customer information, marketing plans, non-public regulatory information or submissions for any of its products, or other commercially sensitive information, the

disclosure of which would provide a business advantage to a competitor.

5. "Confidential Information" as used herein means any information that is designated pursuant to this Protective Order as "CONFIDENTIAL" by a party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed. In designating material as "CONFIDENTIAL," a party will make such designation only as to that material that it in good faith believes to be entitled to confidential treatment under applicable law or that unrestricted disclosure could potentially cause prejudice to the business or operations of the Producing Party.

6. Specific documents and interrogatory answers produced by a Producing Party shall, if appropriate, be designated as "HIGHLY CONFIDENTIAL" by marking each page of the document and any answer as follows:

HIGHLY CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER

7. Specific documents and interrogatory answers produced by a Producing Party shall, if appropriate, be designated as "CONFIDENTIAL" by marking each page of the document and any answer as follows:

CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER

8. Information disclosed at a deposition taken in connection with this action may be designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" by:

a. designating testimony as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" on the record during the taking of the deposition; or

b. notifying all other parties in writing of the specific pages and lines of the deposition transcript which are designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" within fifteen (15) calendar days of receipt of the transcript, whereupon

each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control. Until expiration of the fifteen (15) day period set forth herein, the entire deposition will be treated as "Highly Confidential." The Producing Party will have the right to exclude from attendance at a deposition, during such time as Confidential Information is to be disclosed, any person other than the deponent, outside counsel, and the court reporter.

9. Confidential Information can be disclosed by a Receiving Party only to the following persons:

a. Officers, directors, and employees of the Receiving Party to the extent necessary to assist in preparing for trial or otherwise assisting in the litigation;

b. The court, court personnel, court reporters, and persons engaged to make copies;

c. Outside counsel and the regular employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation;

d. Any person who has authored, received, or otherwise been provided access (in the ordinary course, outside the context of this litigation) to the Confidential Information.

e. Technical personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of such counsel in preparation for trial of this action;

f. Other persons who are witnesses at depositions or hearings under the following conditions:

i. witnesses who are present or former employees of any Producing Party may be shown documents or information containing Confidential Information that were produced by that Producing Party;

4

ii. witnesses as to whom the examining counsel has a good faith belief that said witnesses have knowledge of the specific contents of the Confidential Information that was not obtained in violation of this Protective Order, based upon the document itself, other documents or testimony, or the testimony of the witness before being shown such Confidential Information; and

iii. any other witnesses if the procedures specified in paragraph 14 below have been complied with;

g. Outside experts or consultants who are consulted or engaged expressly for the purpose of testifying or assisting in the preparation of this litigation, provided that the Receiving Party has identified the experts or consultants to the Designating Party and an opportunity for the Designating Party to object and seek a protective order of the Court; and

h. Any other person, entity or firm, with the prior written consent of the Producing Party.

10. Highly Confidential Information can be disclosed by a Receiving Party to persons listed in subparagraphs (b), (c), (d), (f)(i), (g), and (h) of paragraph 9 above and, subject to the provisions of paragraph 11, to the persons listed in subparagraphs (a), (e), (f)(ii), and (f)(iii) of paragraph 9 above.

11. Notification of Counsel in Certain Circumstances.

a. If a Party wishes to disclose documents or information marked as "HIGHLY CONFIDENTIAL" to a person in paragraph 9(a), 9(e) or at the deposition of a witness that is within the class of persons in paragraph 9(f)(ii) or paragraph 9(f)(iii) above, the Party must proceed in the following manner (subject to the provisions of paragraph 11(b) below): counsel shall provide in writing to lead counsel for any Designating Party or Producing Party (a) the names of the persons to whom "HIGHLY CONFIDENTIAL"

5

documents or information are to be disclosed, and (b) a specification of the "HIGHLY CONFIDENTIAL" documents or information to be disclosed (for example, by identifying a Bates number or other control number on a document produced in discovery, or an interrogatory response, or a page and line cite to a deposition transcript, or other equally specific means of identification) no less than three (3) business days in advance of the disclosure to afford any Designating Party or Producing Party an opportunity to object to the disclosure and apply to the Court for a protective order. Such an application may be made by letter, of no more than three pages in length, setting forth the nature of the documents as to which objection is made and the reasons for the objection. If no application for a protective order is made within that three (3) business day period, disclosure to such named persons may be made after the expiration of the three (3) business day period. If an application for a protective order is made within the three (3) business day period, such "HIGHLY CONFIDENTIAL" documents or information shall not be disclosed pending a decision by the Court on the application. Any person who becomes authorized to receive documents or information marked "HIGHLY CONFIDENTIAL" pursuant to this paragraph (whether through a lack of objection or otherwise) shall be requested, prior to the receipt of such documents or information, to execute and deliver to counsel a statement in the form annexed hereto as Exhibit A. If the person refuses to execute that statement, the "HIGHLY CONFIDENTIAL" documents and information shall not be disclosed to that person absent a waiver of confidentiality from the party designating the information as such or a further order of the Court.

  b. A Party need not follow the procedure specified in paragraph 11(a) above in the case of a witness described in paragraph 9(f)(ii) if the examining counsel has a good faith belief that the witness has knowledge of the specific contents of the Highly Confidential

Information based upon the contents of the document to be disclosed; provided, however, that the examining counsel shall first disclose the document to counsel for the party that designated the document or information as Highly Confidential Information (and, if different, to counsel for the witness) at the deposition, before disclosure to the witness.

12. Persons having knowledge of Highly Confidential or Confidential Information by virtue of their participation in the conduct of the action shall use that Highly Confidential Information or Confidential Information only in connection with the prosecution, defense or appeal of the action, and shall neither use such Highly Confidential Information or Confidential Information for any other purpose nor disclose such Highly Confidential Information or Confidential Information to any person in violation of the terms of this Protective Order.

13. Disclosure of Confidential Information beyond the terms of this Protective Order may be made only if the party designating the material as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

14. Subject to the provision of paragraphs 10 and 11, prior to the disclosure of any Highly Confidential Information or Confidential Information to any person identified in paragraph 9(e), (f), (g), and (h), such person shall be provided with a copy of this Protective Order, which he or she shall read and upon reading shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. A file of all written acknowledgments by persons who have read this Protective Order and agreed in writing, in the form annexed hereto as Exhibit A, to be bound by its terms shall be maintained by outside counsel for the party obtaining them and shall be made available upon request.

15. Any party may object to the propriety of the designation of specific material as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" by serving a written objection upon the Producing Party's counsel. The Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery, courier or facsimile transmission) to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Receiving Party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the objecting party shall be free to comply with the instructions in Judge Lorna G. Schofield's Individual Rules and Procedures for Civil Cases to move the Court for an Order removing or modifying the disputed designation. On such a motion the Producing Party shall have the burden of proving that the material is Highly Confidential or Confidential. The material(s) in issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise.

16. Except as agreed in writing by counsel of record, to the extent that any Highly Confidential Information or Confidential Information is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall seek permission of the Court to file the material under seal as instructed in Judge Lorna G. Schofield's Individual Rules and Procedures for Civil Cases. Disclosure of any portion of the transcript of a deposition which reflects or contains Highly Confidential Information or Confidential Information shall be subject to the terms of this Protective Order, and if filed with the Court, such portion containing Highly Confidential Information or Confidential Information shall be filed as a Sealed Document. All Sealed Documents, filed under seal pursuant to this Protective Order, shall be filed in a sealed envelope and shall remain under seal until such

time as this Court, or any court of competent jurisdiction, orders otherwise. Such Sealed Documents shall be identified with the caption of this action, a general description of the sealed contents and shall bear the following statement which shall also appear on the sealed envelope:

CONFIDENTIAL

Contents hereof are confidential and are subject to a court-ordered protective order governing the use and dissemination of such contents.

17. The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court.

18. Upon the conclusion of the action, including any appeals related thereto, at the written request and option of the Producing Party, all Highly Confidential Information and Confidential Information and any and all copies, summaries, notes, compilations (electronic or otherwise) and memoranda related thereto, shall be returned within sixty (60) calendar days to the Producing Party or destroyed by shredding by the Receiving Party, provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain Highly Confidential Information or Confidential Information, but such retained work product and court-filed documents shall remain subject to the terms of this Protective Order. At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing Highly Confidential Information or Confidential Information shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all such Highly Confidential Information or Confidential Information and any copies

9

thereof, any and all records, notes, memoranda, summaries or other written material regarding the Highly Confidential Information or Confidential Information (except for attorney work product and court-filed documents as stated above), have been destroyed by shredding or delivered in accordance with the terms of this Protective Order.

19. If Highly Confidential Information or Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

20. Nothing contained in this Protective Order shall preclude any party from using its own Highly Confidential Information or Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

21. It is expressly understood by and between the parties that in producing Highly Confidential Information or Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Order. The provisions of this Order shall not terminate at the conclusion of this action. This Protective Order shall continue in force until amended or superseded by express order of the Court and shall survive any final judgment or settlement in this action or as otherwise required by law. By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified.

So Ordered.

Dated: December 23, 2019
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

14454988v2

COUNSEL HEREBY CONSENT TO THE ABOVE ORDER ON BEHALF OF THEIR RESPECTIVE CLIENTS:

ARNALL GOLDEN GREGORY LLP


By: /s/ Richard J. Oparil
    Richard J. Oparil (RO9269)
    1775 Pennsylvania Ave. NW, Suite 1000
    Washington DC 20006
    (202) 677-4030
    richard.oparil@agg.com
    *Attorneys for Plaintiff Natural Alternatives International, Inc.*

RAIMONDI LAW, P.C.


By: /s/ Christopher A. Raimondi
    Christopher A. Raimondi (CR8118)
    552 Broadway
    Massapequa, NY 11758
    (516) 308-4462
    craimondi@raimondi-law.com
    *Attorneys for Defendant Bactolac Pharmaceutical, Inc.*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC.,<br><br>    Plaintiff,<br><br>    - against –<br><br>BACTOLAC PHARMACEUTICAL, INC., and DOES 1-25,<br>    Defendants. | No.: 1:19-cv-05354-LGS |

### CERTIFICATION

The undersigned hereby acknowledges that, having read the Protective Order entered in the above-captioned action on _____, the undersigned understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of the Court for purposes of enforcement of the provisions of the Protective Order and understands that the Court may impose sanctions for any violation of the Protective Order.

_____
Date

_____
Name (typed or printed)

_____
Signature

14454988v2