# KATES NUSSMAN ELLIS FARHI & EARLE, LLP

ATTORNEYS AT LAW
190 MOORE STREET
SUITE 306
HACKENSACK, N.J. 07601-7418
—
TEL. (201) 488-7211
FAX (201) 488-1210

mearle@nklaw.com

MICHAEL B. KATES
BRUCE L. NUSSMAN
JOEL M. ELLIS *♣
MICHAEL FARHI *∆
MATTHEW Z. EARLE *♦
-----
CARA LANDOLFI ¥
SANDRA BARSOUM *∆♦
ZACHARY M. ROSENBERG *

\* NJ & NY BARS
∆ SO. DIST. NY/EA. DIST. NY
♦ SO. DIST. NY
♣ MASS
¥ NJ & PA BARS

FOUNDED 1913
FORMERLY
PLATOFF, HEFTLER, HARKER & NASHEL
------
HOWARD M. NASHEL
(1936-2006)
-----
OF COUNSEL

ZAKIM & ZAKIM P.C
FLOWERS & O'BRIEN, LLC
KELLY J. DEERE*
ROBERT NUSSBAUM*

RICHARD T. RAPONE (Ret.)

New York Address:

347 5th Avenue, Suite 1003
New York, NY 10016
(212) 279-5979

December 17, 2019

*Via ECF*
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> Application DENIED as moot. Non-party Egopharma, LLC shall produce any documents responsive to the subpoena by January 10, 2020.
>
> To the extent necessary under the Protective Order (Dkt. No. 59), Plaintiff shall designate the produced documents in accordance with any designations by Egopharma, LLC.
>
> Dated: December 31, 2019
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re: **Natural Alternatives International, Inc. v. Bactolac Pharmaceutical, Inc., Civil Action No.: 1:19-cv-05354 (LGS)**

**Letter Motion Regarding the Following Relief: (1) Motion Requesting Pre-motion Conference Regarding Proposed Motion to Quash Subpoena and/or for Protective Confidentiality Order; and, (2) Motion for Extension of Time to Respond to Subpoena and/or File Motion to Quash**

Dear Judge Schofield:

We represent a subpoenaed non-party named Egopharma, LLC d/b/a Controlled Labs ("Egopharma"). Plaintiff served Egopharma with a subpoena duces tecum. Producing the responsive documents would require Egopharma to disclose confidential and proprietary business information. Plaintiff's counsel has been unresponsive to Egopharma's requests to discuss an appropriate confidentiality order.

Page **1** of **3**

Accordingly, Egopharma moves this court for a pre-motion conference on January 2, 2020 (or as soon thereafter as counsel can be heard) to discuss its proposed motion to quash the subpoena and/or for a protective order. In addition, Egopharma seeks an extension of time to file said motion to quash and/or to respond to the subpoena to the extent that same is necessary for Egopharma to preserve its rights. This motion is filed in accordance with Local Civ. R. 37.2 and your Honor's individual rule III. A. 1.

By way of brief background, Egopharma is in the business of manufacturing, marketing, and selling nutritional supplements. On December 3, 2019 Egopharma's registered agent in Delaware was served with a subpoena seeking 12 categories of documents. The return date on the subpoena was December 5, 2019. Based on the late service of process, Plaintiff's counsel agreed in writing to extend Egopharma's time to respond to the subpoena until December 18, 2019.

On December 4, 2019 Egopharma electronically provided the undersigned with all documents that it deemed responsive to the request. Upon review of the documents and discussion with the client, it was determined that the documents contained confidential and proprietary information, in particular as it related to specific product formulation, product pricing, and pricing strategies. In addition, certain documents may be subject to specific confidentiality agreements.

As a result, the undersigned reached out to Plaintiff's counsel to discuss an appropriate confidentiality order. Plaintiff's counsel did not respond to emails sent on December 5 and 16 regarding the issue, nor were any of the undersigned's voice mail messages returned.

**Point I.  Motion Requesting Pre-motion Conference Regarding Proposed Motion to Quash Subpoena and/or for Protective Confidentiality Order.**

FRCP (d) (3) (B) (i) provides that in order to protect a subpoenaed party the District Court may quash or modify a subpoena if it will require the subpoenaed party to disclose a "trade secret, or other confidential research, development, or commercial information." As aforesaid, the documents responsive to the subpoena contain Egopharma's proprietary and confidential business information. It is axiomatic that the proper way to protect a non-party's confidential information is through the entry of a confidentiality order. <u>Lopez v. Setauket Car Wash & Detail Ctr.</u>, CV 12-6324(LDW)(AYS), 2015 WL 13753675, at *5 (E.D.N.Y. May 19, 2015).

Accordingly, Egopharma seeks leave to file a motion for a protective order modifying the subpoena to permit Egopharma to designate certain materials as "confidential" and/or "for attorneys' eyes only." It would be our hope that this could be incorporated into the overall confidentiality order that will surely be entered in the case in chief.

**Point II.     Motion for Extension of Time.**

To the extent that filing the above motion is not sufficient to protect Egopharma's rights to object to the subpoena, Egopharma respectfully requests that its time to respond to the subpoena, submit objections, and/or file a motion to quash be extended to a time period determined in the pre-motion conference. We have made no previous requests for an adjournment. We do not know if the Plaintiff consents to this request, as Plaintiff has been unresponsive to communications.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/ Matthew Z. Earle
Matthew Z. Earle

CC:   Richard Oparil, Esq.
      Christopher Raimondo, Esq.
.