Christopher A. Raimondi (CR 8118)
RAIMONDI LAW, P.C.
552 Broadway
Massapequa, NY 11758
(516) 308-4462
Attorneys for Defendant Bactolac Pharmaceutical, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NATURAL ALTERNATIVES INTERNATIONAL, :
INC., :
                                  :     Civil Action No.: 1:19-cv-05354-LGS
           Plaintiff,            :
                                   :     **DEFENDANT BACTOCLAC**
    - against –              :     **PHARMACEUTICAL, INC.'S**
                                   :     **AMENDED ANSWER TO**
BACTOLAC PHARMACEUTICAL, INC., and   :     **PLAINTIFF'S FIRST AMENDED**
DOES 1-25,                         :     **COMPLAINT WITH**
                                   :     **COUNTERCLAIMS**
          Defendants.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Defendant Bactolac Pharmaceutical, Inc. ("Bactolac") files its Answer to Plaintiff

Natural Alternatives International, Inc.'s ("NAI") First Amended Complaint ("Complaint"),

answers in similarly numbered paragraphs, as follows:

1. Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 1 of the Complaint.

2. Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 2 of the Complaint.

3. Defendant admits that Bactolac is a contract manufacturer that manufactures

dietary supplements for Vitalize and other companies, and some of the products Bactolac

manufactures for its customers contain beta-alanine. Bactolac denies all other allegations

contained in paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant states that the summary legal conclusions contained in Paragraph 10 do not require a response, but, to the extent that a response is required, denies that Bactolac is liable to Plaintiff under any of the causes of action recited therein.

11.     Defendant states that the summary legal conclusions contained in Paragraph 11 of the Complaint do not require a response.

12.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant states that the summary legal conclusions contained in Paragraph 13 of the Complaint do not require a response.

14.     Defendant states that the summary legal conclusion contained in Paragraph 14 of the Complaint does not require a response, but, to the extent that a response is required, Defendant denies that venue is proper in this district under 28 U.S.C. 1391 as Bactolac's principle place of business is located in Hauppauge, New York, which is within the jurisdiction of the United States District Court for the Eastern District of New York.

15.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant states that the summary definition of "dietary supplement" alleged by Plaintiff in Paragraph 24 of the Complaint does not require a response, but, to the extent that a response is required, Defendant denies the purported definition offered by Plaintiff and respectfully directs the Court to the definition of dietary supplement set forth in 21 U.S.C. 321(ff).

25.     Defendant states that the summary legal conclusions contained in Paragraph 25 of the Complaint do not require a response, but, to the extent that a response is required, Defendant denies Plaintiff's statement and respectfully directs the Court to the appropriate state and federal laws and regulations defining dietary supplements categorization.

26.     Defendant states that the summary legal conclusions contained in Paragraph 26 of the Complaint do not require a response, but, to the extent that a response is required, Defendant denies Plaintiff's summary definition of "new dietary ingredient" and respectfully directs the Court to the appropriate section of the FDCA for the proper definition.

27.     Defendant states that the summary legal conclusions contained in Paragraph 27, Paragraph 27(a), and Paragraph 27(b) of the Complaint do not require a response, but, to the extent that a response is required, Defendant denies the accuracy of Plaintiff's allegations and quoted language and respectfully directs the Court to the appropriate sections of 21 U.S.C. 350b for the appropriate criteria for determining if a product is adulterated within the meaning of the FDCA.

28.     Defendant states that the summary legal conclusions contained in Paragraph 28 of the Complaint do not require a response, but, to the extent that a response is required, Defendant denies the accuracy of Plaintiff's allegations and respectfully directs the Court to the appropriate sections of 21 U.S.C. 350b for the appropriate criteria for lawfully selling a New Dietary Ingredient ("NDI") product.

29.     Defendant states that the summary legal conclusions contained in Paragraph 29 of the Complaint do not require a response, but, to the extent that a response is required, Defendant denies the accuracy of Plaintiff's allegations and respectfully directs the Court to the appropriate sections of 21 U.S.C. 342(f)(1)(B) and 350b for the appropriate rights, protections

and relief that an FDA AKL letter conveys on a recipient of such a correspondence from the FDA.

30.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 31 of the Complaint, but Defendant states that to the extent that Exhibit 4 to the Complaint is a true and accurate copy of the February 1, 2019 FDA letter described in this paragraph of the Complaint, that letter specifically states in the last paragraph on the first page of the letter: "Please note that acceptance of this notification for filing is a procedural matter, and thus, does not constitute a finding by FDA that the new dietary ingredient or supplement that contains the new dietary ingredient is safe or is not adulterated under 21 U.S.C. § 342".

32.    Defendant denies the allegations contained in Paragraph 32 of the Complaint and respectfully directs the Court to Exhibit 4 to the Complaint and the website referenced in this paragraph for what information is contained in the AKL letter and with respect to the news NAI allegedly published.

33.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 33 of the Complaint.

34.    Defendant lacks sufficient information to admit or deny the nature of the contract that NAI has with dietary supplement brands or contract manufacturers other than Bactolac. Bactolac admits that it has a license agreement with NAI for CarnoSyn® and denies all the remaining allegations contained in Paragraph 34 of the Complaint.

35.    Defendant admits that it is a contract manufacturer of dietary supplements and engages in interstate commerce. Defendant denies all the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint and respectfully directs the Court to Defendants website  www.bactolac.com for an accurate representation of what is contained thereon.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint and respectfully directs the Court to Defendants website  www.bactolac.com for an accurate representation of what is contained thereon.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint and respectfully directs the Court to Defendants website  www.bactolac.com for an accurate representation of what is contained thereon. Bactolac further states that it complies with the FDA's Current Good Manufacturing Practice regulations.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant admits that from time-to-time it procures beta-alanine on behalf of certain of its customers for use as an ingredient in dietary supplement products that Bactolac manufacturers for those customers.  Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant admits that Bactolac and NAI entered into a License Agreement regarding CarnoSyn® beta-alanine ("Agreement").  Defendant directs the Court to the Agreement as the best evidence of the identity of the representatives that signed the Agreement on behalf of NAI and Bactolac. Defendant denies all other allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint and directs the Court to the Agreement for an accurate recitation of its wording and content.

44.    Defendant denies the allegations contained in Paragraph 44 of the Complaint and directs the Court to the Agreement for an accurate recitation of its wording and content.

45.    Defendant denies the allegations contained in Paragraph 45, 45(a), 45(b), 45(c), and 45(d) of the Complaint and directs the Court to the Agreement for an accurate recitation of its wording, content, and the obligations of the parties thereto.

46.    Defendant admits the allegations contained in Paragraph 46 of the Complaint.

47.    Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 48 of the Complaint.

49.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraphs 49, 49(a), 49(b), 49(c), 49(d), and 49(e) of the Complaint and directs the Court to Vitalize's website www.eboost.com for an accurate representation of what is contained thereon.

50.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 50 of the Complaint.

51.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 51 of the Complaint. Defendant further states that there is no exclusive manufacturing agreement between Bactolac and Vitalize for Vitalize's POW® product, or any other Vitalize product.

52.    Defendant denies the allegations contained in Paragraph 52 of the Complaint. Defendant further states that Vitalize d/b/a E-Boost was disclosed to Plaintiff as a customer of Bactolac's using CarnoSyn® during an audit Plaintiff conducted of Bactolac's records beginning on April 27, 2017 and in documents furnished by Bactolac to NAI in July 2019.

53.    Defendant lacks sufficient information to admit or deny whether a joint letter by NAI and Vitalize was filed with the Court on August 26, 2019.  Defendants denies all remaining allegations contained in Paragraph 53 of the Complaint.

54.    Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.    Defendant denies the allegations contained in Paragraph 55 of the Complaint. Defendants further states that it disclosed Acropolis Nutrition to NAI in writing in July 2019 and disclosed Vascular Nutrition, Inc. to NAI in writing via email on April 27, 2017 and in July 2019.

56.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 56 of the Complaint.

57.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 57 of the Complaint.

58.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 58 of the Complaint.

59.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 59 of the Complaint.

60.    Defendant denies the allegations contained in Paragraph 60 of the Complaint. Defendant states that Acropolis Nutrition was provided with a copy of the Agreement on November 14, 2017, and Vascular Nutrition, Inc. was provided with a copy of the Agreement on June 15, 2016.  Defendant further states that Vascular Nutrition, Inc. was disclosed to Plaintiff as a customer of Bactolac's using CarnoSyn® during an audit Plaintiff conducted of Bactolac's records beginning on April 27, 2017 and in documents furnished by Bactolac to NAI in July 2019.  Defendants also states that Acropolis Nutrition was disclosed to Plaintiff as a customer of Bactolac's using CarnoSyn® in documents furnished by Bactolac to NAI in July 2019.

8

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant admits the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant admits the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant admits on March 30, 2017, the parties agreed to conduct an audit beginning on April 27, 2017.  Defendant lacks sufficient information to admit or deny the other allegations contained in Paragraph 65 of the Complaint.

66.     Defendant admits the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant admits the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of the Complaint. Defendant states that as part of Defendant's standard practice, Vitalize was provided with a copy of the Agreement.  Defendant further states that Vitalize d/b/a E-Boost was disclosed to Plaintiff as a customer of Bactolac using CarnoSyn® during an audit Plaintiff conducted of Bactolac's records beginning on April 27, 2017 and in documents furnished by Bactolac to NAI in July 2019.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Complaint. Defendant states that Defendant complied with its obligations under the Agreement by, among other things, providing a copy of the Agreement to its customers using CarnoSyn® as an

9

ingredient in the dietary supplement Bactolac was contracted to manufacture for such customers, and provided documentation to NAI that Vitalize was a customer of Bactolac using CarnoSyn® during an audit Plaintiff conducted of Bactolac's records beginning on April 27, 2017 and in documents furnished by Bactolac to NAI in July 2019.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of the Complaint and directs the Court to the Agreement for the best evidence of the wording contained therein.

79.     Defendant denies the allegations contained in Paragraph 79 of the Complaint. Defendant states that NAI has continued to do business with Bactolac despite the filing of the instant action.  Defendant further states that Bactolac continues to sell to its customers CarnoSyn® procured from NAI, which NAI has continued to deliver to Bactolac, including a shipment delivered as recently as October 28, 2019.

80.     Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.     Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82.     Defendant states that the summary conclusion contained in Paragraph 82 of the Complaint does not require a response.

## COUNT I

### (Lanham Act § 32 – Vitalize)

83.     Defendant repeats and realleges the above answers as if fully set forth herein.

84.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 85 of the Complaint.

10

86.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 88 of the Complaint.

89.     Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 89 of the Complaint.

## COUNT II

### Breach of Contract - Bactolac

90.     Defendant repeats and realleges the above answers as if fully set forth herein.

91.     Defendant admits the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant denies the allegations contained in Paragraph 92, 92(a), 92(b), 92(c) and 92(d) of the Complaint.

93.     Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.     Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

## COUNT III

### Breach of Contract - Bactolac

96.     Defendant repeats and realleges the above answers as if fully set forth herein.

97.     Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98.     Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99.     Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.     Defendant denies the allegations contained in Paragraph 100 of the Complaint.

### COUNT III *(sic)*

### (Lanham Act § 43(a) – Bactolac)

101.    Defendant repeats and realleges the above answers as if fully set forth herein.

102.    Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.    Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105.    Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.    Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.    Defendant denies the allegations contained in Paragraph 109 of the Complaint.

### COUNT IV *(sic)*

### (N.Y. Gen Bus Law § 349 – Bactolac)

110.    Defendant repeats and realleges the above answers as if fully set forth herein.

111.    Defendant denies the allegations contained in Paragraph 111 of the Complaint

112.    Defendant denies the allegations contained in Paragraph 112 of the Complaint

113.    Defendant denies the allegations contained in Paragraph 113 of the Complaint.

### COUNT V *(sic)*

### (N.Y. Gen Bus Law § 350 – Bactolac)

114.    Defendant repeats and realleges the above answers as if fully set forth herein.

115.    Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116.    Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117.    Defendant denies the allegations contained in Paragraph 117 of the Complaint.

**<u>COUNT VI</u>** *(sic)*

**<u>(Unfair Competition Under California Law – Bactolac)</u>**

118.     Defendant repeats and realleges the above answers as if fully set forth herein.

119.     Defendant states that the summary legal conclusions contained in Paragraph 119 of the Complaint do not require a response, but, to the extent that a response is required, Defendant denies the accuracy of Plaintiff's allegations.

120.     Defendant states that the summary legal conclusions contained in Paragraph 120 of the Complaint do not require a response, but, to the extent that a response is required, Defendant denies the accuracy of Plaintiff's allegations.

121.     Defendant states that the summary legal conclusions contained in Paragraph 121 of the Complaint do not require a response, but, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122.     Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123.     Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124.     Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125.     Defendant denies the allegations contained in Paragraph 125 of the Complaint.

126.     Defendant denies the allegations contained in Paragraph 126 of the Complaint.

**<u>COUNT VII</u>** *(sic)*

**<u>(Delaware Deceptive Trade Practices Act – Bactolac)</u>**

127.     Defendant repeats and realleges the above answers as if fully set forth herein.

128.     Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129.     Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130.     Defendant denies the allegations contained in Paragraph 130 of the Complaint.

13

131.    Defendant denies the allegations contained in Paragraph 131 of the Complaint.

## COUNT VIII *(sic)*

## (Indemnification – Bactolac)

132.    Defendant repeats and realleges the above answers as if fully set forth herein.

133.    Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134.    Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135.    Defendant denies the allegations contained in Paragraph 135 of the Complaint.

## ALLEGATION OF DAMAGES

Defendant demands judgment in its favor against Plaintiff, dismissing with prejudice each and every cause of action set forth in the Complaint, together with its attorney's fees and costs of defense and such other and further relief as the Court shall deem just and reasonable under the circumstances.

## AFFIRMATIVE DEFENSES

By way of further pleading, Defendant asserts the following affirmative defenses:

136.    Plaintiff has failed to state a claim upon which relief can be granted.

137.    Plaintiff's claims are barred, in whole or in part, based on Plaintiff's prior breach of contract.

138.    Plaintiff 's claims are barred, in whole or in part, based on truth, privilege, and justification.

139.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has not mitigated its damages, if any.

140.    Plaintiff's claims are barred, in whole or in part, due to the negligent and wrongful conduct of Plaintiff.

141.     Plaintiff's claims are barred, in whole or in part, due to the negligent and wrongful conduct of third parties.

142.     Plaintiff's claims are barred, in whole or in part, based on estoppel and waiver.

143.     Plaintiff has not incurred any monetary damages.

## COUNTERCLAIMS

144.     Upon information and belief, Plaintiff has been selling its CarnoSyn® for use in dietary supplements for at least 17 years.

145.     Upon information and belief, CarnoSyn® and, therefore, beta-alanine has been used in dietary supplements for at least 17 years.

146.     Upon information and belief, beta-alanine other than CarnoSyn® has been used in dietary supplements and as a food additive for at least 25 years.

147.     Upon information and belief, since Plaintiff obtained New Dietary Ingredient Notification status from the Food and Drug Administration under the Food, Drug and Cosmetics Act in the United States for its CarnoSyn® product on or about February 1, 2019, Plaintiff has engaged in a campaign of misinformation with the intent of causing injury to any competitors of its CarnoSyn® product and any business who do business with such competitors.

148.     Pursuant to the CarnoSyn® Beta-Alanine License Agreement ("License Agreement") dated April 22, 2015, Plaintiff sold CarnoSyn® to Defendant for use in the manufacture of dietary supplements without having received New Dietary Ingredient status from the date of the License Agreement until receipt of such status on February 1, 2019.

149.     During such time, Plaintiff sold Defendant CarnoSyn® beta-alanine, allowing Defendant to order in bulk and purchase at bulk rates.

150.     Additionally, paragraph 10 of the License Agreement acknowledges that Defendant was free to purchase beta-alanine other than CarnoSyn® from sources other than Plaintiff.

151.     Once Plaintiff received New Dietary Ingredient Notification status for CarnoSyn®, however, Plaintiff began engaging in a malicious, disingenuous, and anti-competitive campaign against anyone manufacturing or distributing beta-alanine or products containing beta-alanine other than CarnoSyn®.

152.     Despite the fact that Plaintiff had been selling beta-alanine as a dietary supplement for years prior to obtaining New Dietary Ingredient Notification status for CarnoSyn®, once Plaintiff received New Dietary Ingredient Notification status for CarnoSyn® it began claiming that all beta-alanine or products contained beta-alanine other than its own were "adulterated."

153.     Upon information and belief, Mark A. LeDoux, Plaintiff's CEO and Chairman of the Board, made the following statement:

CarnoSyn® is recognized as a leading ingredient, backed by a body of science and intellectual property. The FDA's acknowledgement of our NDI notification demonstrates not only the safety of CarnoSyn®, but also NAI's long-standing commitment to regulatory compliance. Dr. Gottlieb, the head of the FDA, and the Office of Dietary Supplements have demonstrated that they take the safety of dietary supplements seriously. So does NAI. We intend to work hand-in-hand with the FDA and other agencies or courts to zealously advocate for the use of safe ingredients, demonstrated through compliance with the New Dietary Ingredient process, protection of intellectual property and increased investment in research and development. We applaud the licensees of CarnoSyn® for their recognition of the safety, benefits and IP related to our product. For those entities who continue to conceal themselves in darkness from regulatory and IP compliance, NAI will not silently stand by, but rather will soon be providing a list of companies to the FDA using adulterated beta-alanine. The time is now for those who went through the rigors of properly obtaining NDIs and intellectual property to forcefully lead and direct the industry into increased compliance and ensure the safety of products sold to consumers.

154.     In other words, although Plaintiff had been selling its beta-alanine product, CarnoSyn®, without having received New Dietary Ingredient Notification status from the FDA up until February 1, 2019, after February 1, 2019 Plaintiff immediately declared that every company who makes sales of beta-alanine other than CarnoSyn® or products containing beta-alanine other than CarnoSyn® is selling adulterated and unsafe products.

155.     Upon information and belief, Plaintiff has made reports to the FDA containing a list of companies that sell beta-alanine other than CarnoSyn® or products containing beta-alanine other than CarnoSyn®.

156.     Upon information and belief, despite its power to do so, in all of the years that beta-alanine has been sold as a dietary supplement prior to February 1, 2019 (including by Plaintiff), the FDA has never issued a warning letter or taken any action to stop the sales of dietary supplements containing beta-alanine.

157.     As alleged in the First Amended Complaint, Plaintiff also purported to generate an Amendment to CarnoSyn® Beta-Alanine License Agreement ("Amendment").

158.     The terms of the purported Amendment differ materially from the terms negotiated between Plaintiff and Defendant.

159.     The terms of the purported Amendment were never discussed with Defendant or agreed to by Defendant.

160.     No consideration was given to Defendant in connection with Plaintiff's purported Amendment.

161.     Though Plaintiff's Amendment seeks to unilaterally declare its competitors' beta-alanine and products contained its competitors' beta-alanine to be adulterated, it also

contemplates that such sales will continue to occur and retains the language of the License Agreement regarding such purchases.

162.    Subsequent to receiving New Dietary Ingredient Notification status from the FDA, Plaintiff has also stopped allowing Defendant to make bulk purchases of CarnoSyn®, thereby eliminating Defendant's volume discount and unilaterally increasing the price paid by Defendant.

163.    Plaintiff commenced this lawsuit in an effort to stop the sale and distribution of its competitors' products without any legitimate basis and in violation of the License Agreement.

164.    Moreover, after having commenced this litigation, Plaintiff proceeded to serve 19 subpoenas on customers of Defendant in an effort to force those customers to begin purchasing CarnoSyn® to the exclusion of its competitors beta-alanine by declaring that the subpoenaed parties' products were adulterated and the subject of Plaintiff's smear campaign.

165.    Upon information and belief, Plaintiff is using this litigation and the discovery process not for the purpose of obtaining discovery regarding its intellectual property rights, but to threaten businesses that are purchasing its competitors' products to switch their purchases to CarnoSyn® or become the subject of Plaintiff's efforts to force an investigation into its competitors.

166.    Plaintiff's efforts to chill sales of beta-alanine from competitors and to paint Defendant as a purveyor of "adulterated" products has caused considerable injury and damage to Defendant in the form of lost sales and lost time in increased employee time spent addressing falsehoods spread to Defendant's customers by Plaintiff.

## AS AND FOR A FIRST COUNTERCLAIM
## AGAINST PLAINTIFF FOR TRADE LIBEL

167.     Defendant hereby incorporate the allegations of paragraphs 144 through 166 as if

fully set forth herein.

168.     Plaintiff has made false statements concerning the Defendant online, in the trade,

and to Defendant's customers by stating that Defendant sells adulterated and unsafe

products.

169.     These statements are false, as Defendant's products are not adulterated under the

definitions used by the FDA.

170.     These statements were made with malice in an attempt to cause injury to

competitors and businesses doing business with its competitors.

171.     Plaintiff's conduct has caused considerable injury and damage to Defendant in

the form of lost sales and lost time in increased employee time spent addressed

falsehoods spread to Defendant's customers by Plaintiff.

172.     Defendant seeks an award of damages in an amount to be determined at trial.

## AS AND FOR A SECOND COUNTERCLAIM
## AGAINST PLAINTIFF FOR SLANDER PER SE

173.     Defendant hereby incorporate the allegations of paragraphs 144 through 172 as if

fully set forth herein.

174.     Plaintiff has made false statements concerning the Defendant online, in the trade,

and to Defendant's customers by stating that Defendant sells adulterated and unsafe

products.

175.     These statements are false, as Defendant's products are not adulterated under the

definitions used by the FDA.

176.     These statements were made with malice in an attempt to cause injury to

competitors and businesses doing business with its competitors.

177.     The aforementioned false statements made by Plaintiff injure Defendant in its

business or trade by imputing to it fraud, dishonesty, and unfitness. Specifically, the false

statements are plainly meant to suggest that Defendant conducts its business with a lack

of honesty, quality, and safety.

178.     Plaintiff's conduct has caused considerable injury and damage to Defendant in

the form of lost sales and lost time in increased employee time spent addressed

falsehoods spread to Defendant's customers by Plaintiff.

179.     Defendant seeks an award of damages in an amount to be determined at trial.

**AS AND FOR A THIRD COUNTERCLAIM
AGAINST PLAINTIFF FOR TORTIOUS INTERFERENCE
WITH BUSINESS RELATIONS**

180.     Defendant hereby incorporate the allegations of paragraphs 144 through 179 as if

fully set forth herein.

181.     Defendant had business relations with various customers for the manufacture of

goods.

182.     Through its conduct in seeking to chill the sales of Generic Beta-Alanine

including its statements in press releases and in its own marketing materials, as well as

the prosecution of claims and service of subpoenas upon customers of Bactolac, NAI has

injured Bactolac's business relationships.

183.     Plaintiff knew of the existence of these relations and deliberately approached

customers of Bactolac and through the misstatements and coercion set forth above,

Plaintiff intentionally convinced these customers to terminate their business relations with Defendant and/or reduce their purchases of CarnoSyn® containing products.

184.    Plaintiff had no justification for its conduct.

185.    Plaintiff's misconduct was independently tortious as set forth herein.

186.    Plaintiff's conduct has caused considerable injury and damage to Defendant in the form of lost sales and lost time in increased employee time spent addressed falsehoods spread to Defendant's customers by Plaintiff.

187.    Defendant seeks an award of damages in an amount to be determined at trial.

## AS AND FOR A FOURTH COUNTERCLAIM
## AGAINST PLAINTIFF FOR ABUSE OF PROCESS

188.    Defendant hereby incorporate the allegations of paragraphs 144 through 187 as if fully set forth herein.

189.    As set forth above, Plaintiff has used this litigation and the subpoenas served herein for the ulterior purpose of increasing its own business and damaging the reputation of its competitors in the market for sales of beta-alanine.

190.    Issuance of the subpoenas and prosecution of this lawsuit afforded Plaintiff the opportunity to make demands of third parties regarding their purchases from Plaintiff's competitors and intimidate the recipients of the subpoenas with the threat of FDA investigations.

191.    Plaintiff's conduct has caused considerable injury and damage to Defendant in the form of lost sales and lost time in increased employee time spent addressed falsehoods spread to Defendant's customers by Plaintiff.

192.    Defendant seeks an award of damages in an amount to be determined at trial.

## AS AND FOR A FIFTH COUNTERCLAIM
## AGAINST PLAINTIFF FOR BREACH OF CONTRACT

193.    Defendant hereby incorporate the allegations of paragraphs 144 through 192 as if fully set forth herein.

194.    As set forth above, Plaintiff and Defendant entered into the License Agreement.

195.    Plaintiff has unilaterally attempted to alter the terms of the License Agreement without the consent of Defendant.

196.    Plaintiff has, without justification, increased the price of CarnoSyn® by disallowing bulk orders from Defendant, in contravention of the parties' practices under the License Agreement.

197.    Plaintiff's conduct constitutes a breach of contract and the duty of good faith and fair dealing inherent in the License Agreement.

198.    Plaintiff's conduct has caused considerable injury and damage to Defendant in the form of lost sales and lost time in increased employee time spent addressed falsehoods spread to Defendant's customers by Plaintiff.

199.    Defendant seeks an award of damages in an amount to be determined at trial.

**WHEREFORE**, Defendant Bactolac Pharmaceutical, Inc. respectfully demands judgment:

(a) dismissing the complaint herein, together with costs and disbursements of this action, and

(b) against NAI awarding Bactolac (i) damages caused by NAI's improper conduct; and (ii) such other and further relief as the Court may deem just and proper.

Dated:    February 11, 2020

                    RAIMONDI LAW, P.C.

                    By: /s/ Christopher A. Raimondi
                        Christopher A. Raimondi (CR-8118)
                        Anthony T. Wladyka, III (AW-7490)

                        552 Broadway
                        Massapequa, NY  11758
                        (516) 308-4462
                        *Attorneys for Defendant Bactolac Pharmaceutical, Inc.*

To:

    Richard J. Oparil (RO9269)
    Arnall Golden Gregory LLP
    1775 Pennsylvania Ave. NW, Suite 1000
    Washington, DC 20006
    (202) 677-4030
    *Attorneys for Plaintiff Natural Alternatives International, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher A. Raimondi, hereby certify that on this 11th day of February 2020, I served a true and correct copy of Defendant Bactolac Pharmaceutical Inc.'s Amended Answer to Plaintiff's First Amended Complaint With Counterclaims by filing same in the CM/ECF system of the United States District Court for the Southern District of New York.

/s/ Christopher A. Raimondi
 Christopher A. Raimondi (CR-8118)