Application DENIED. The parties shall meet and confer in good faith to set a production schedule by which Plaintiff shall produce documents responsive to Defendant's document requests. The parties shall also confer regarding the concerns raised by Defendant in the first paragraph of the second page of its letter at Dkt. No. 66.

The parties shall jointly file a letter by March 13, 2020, to inform the Court of the production schedule and the status of the remaining disputes.

Dated: March 3, 2020
      New York, New York

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/03/2020
```

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

*By ECF*

Hon. Lorna G. Schofield
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Natural Alternatives International, Inc. v. Bactolac Pharmaceutical, Inc., et al.*,
           No. 1:19-cv-05354 (LGS)
           Letter Motion Requesting Pre-motion Conference for Motion for Protective Order
           for Bactolac's First Set of Requests for Production of Documents and Things

Dear Judge Schofield:

    We represent the plaintiff, Natural Alternatives International, Inc. ("NAI"). In contravention of the Court's Amended Scheduling Order, defendant Bactolac Pharmaceutical, Inc. ("Bactolac") served untimely initial document requests on NAI. Counsel for NAI contacted counsel for Bactolac to discuss this discovery dispute by telephone on February 28, 2019 and counsel later emailed that he would not agree to the requested relief. NAI asks this Court for a pre-motion conference on March 13, 2020 (or as soon as counsel can be heard) to discuss its proposed motion for a protective order. This letter is filed in accordance with Local Civ. R. 37.2 and your Honor's Individual Rule III.A.1.

    "A district court has broad discretion 'to direct and manage the pre-trial discovery process.'" *McKay v. Triborough Bridge & Tunnel Auth.*, No. 05 Civ. 8936(RJS), 2007 WL 3275918, *1 (S.D.N.Y. Nov. 5, 2007) (quoting *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004)). "As part of that discovery process, Rule 16(b) of the Federal Rules of Civil Procedure requires district courts to enter scheduling orders that limit the parties' time to complete discovery." *Id.*; Fed. R. Civ. P. 16(b)(3). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *McCutcheon v. Colgate-Palmolive Co.*, No. 16-CV-4170, 2019 WL 1976411, *3 (S.D.N.Y. Mar. 26, 2019). Bactolac erroneously believes that scheduling orders matter.

    NAI filed its Complaint against Vitalize Labs, LLC on June 7, 2019. Dkt. No. 1. The Court entered an initial Case Management Plan and Scheduling Order on September 3, 2019. Dkt. No.



29. NAI filed a First Amended Complaint to add Bactolac as a defendant on September 23, 2019 (Dkt. No. 34) and served Bactolac with process on October 1, 2019. Dkt. Nos. 34, 43. NAI dismissed its claims against Vitalize. Dkt. No. 42. NAI served Bactolac with its initial document requests on October 17, 2019. Bactolac's objections to which may need to be the subject of another pre-conference.

Thereafter, Bactolac, with NAI's consent, sought to amend the schedule. Dkt. Nos. 50, 51. On December 10, 2019, the Court granted the request and entered an Amended Case Management Plan and Scheduling Order. Dkt. Nos. 52, 53. That order provided that the parties shall serve initial requests for the production of documents pursuant to Rule 34 by January 8, 2020, with responsive documents to be produced by February 21, 2020. Dkt. No. 53 ¶ 8. It further required that all fact discovery, including depositions, be completed by April 1, 2020. *Id*.

Bactolac served its initial document requests on NAI by Federal Express on February 11, 2020, nearly five weeks after the January 8 deadline in the Amended Scheduling Order. Bactolac did not ask the Court to modify the Amended Scheduling Order, as required by Rule 16(b)(4). Bactolac has not explained to the Court or NAI why it could not timely comply. There was no reason set out in the Joint Status Report (Dkt. No. 62 at 2) or the February 28 email from Bactolac's counsel in response to NAI's meet and confer request.

The deadline for serving initial documents requests was set to allow the parties to respond, object, and complete production before the April 1 fact discovery deadline. NAI relied on the dates set forth in the Amended Scheduling Order to plan how to litigate the case. Bactolac was well aware of the schedule and made the choice to ignore it. Such conduct should not be rewarded and it should suffer the consequences.

This is particularly true because Bactolac's initial requests were not narrowly tailored to the claims and defenses in NAI's First Amended Complaint or Bactolac's Amended Answer and Counterclaim. Instead, Bactolac's First Request has 124 individual requests that are extraordinarily broad in scope and seek material covering more than five years of time. The bulk of the requests are neither relevant nor proportional to the needs of the case as required by Rule 26(b)(1). With the April 1 fact discovery cut-off looming, it would unfairly prejudice NAI to force it to respond to the late requests.

Thank you for your consideration.

Respectfully submitted,

*Richard J. Oparil*

Richard J. Oparil

cc: Counsel (by ECF)

14696734v1